**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

ANTWOINE D. ESTERS                                    PETITIONER

v.                                    Civil No. 2:20-cv-170-TBM-BWR

BURL CAIN                                    RESPONDENT

<u>**REPORT AND RECOMMENDATION**</u>

BEFORE THE COURT is the [1] Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus filed by Petitioner Antwoine D. Esters. Respondent Burl Cain has filed a [6] Response and Petitioner a [9] Traverse. Having considered the record, the parties' submissions, and relevant legal authority, the undersigned United States Magistrate Judge recommends dismissing the [1] Petition with prejudice and denying Petitioner's request for an evidentiary hearing.

## I. <u>BACKGROUND</u>

On June 19, 2017, Petitioner Antwoine D. Esters ("Petitioner" or "Esters") was found guilty by a jury in the Circuit Court of Forrest County, Mississippi, Twelfth Judicial District, on one count of burglary of an automobile in violation of Mississippi Code Annotated § 97-17-33. R. [7-1] at 59-62; s*ee also Esters v. State*, 281 So.3d 844 (Miss. Ct. App. 2019), *cert. denied*, 276 So.3d 659 (Miss. 2019). The court sentenced Esters, as a habitual offender, under Mississippi Code Annotated § 99-19-81, to serve seven years imprisonment in the custody of the Mississippi Department of Corrections. *See* R. [7-1] at 61-62.

1

Esters, through counsel, moved for judgment non-obstante verdicto, or, in the alterative, for a new trial, *see id*. at 64-66, but his motion was denied on June 27, 2017, *see id*. at 67-68. Esters appealed, *see id*. at 76-77, and the Mississippi Court of Appeals affirmed his conviction and sentence on January 8, 2019, *see* R. [7-4] at 14-24; *Esters*, 281 So.3d at 851. Esters, through counsel, moved for rehearing, s*ee* R. [7-6] at 29-36, which the Mississippi Court of Appeals denied on May 14, 2019, *see id*. at 37.

Esters, through counsel, then filed a petition for writ of certiorari with the Mississippi Supreme Court on May 28, 2019. *See* R. [7-6] at 7-37. Esters also filed a separate pro se petition for writ of certiorari. *Id*. at 39-46. The Mississippi Supreme Court denied both petitions on August 28, 2019, *id*. at 3-4.

On February 13, 2020, Esters signed an Application for Leave to File Motion for Post-Conviction Relief ("Application for Leave to File a PCR Motion"), R. [7-7] at 4-8, along with an accompanying Motion for Post-Conviction Collateral Relief, *id*. at 9-39. The Mississippi Supreme Court denied Esters' Application for Leave to File a PCR Motion on July 22, 2020, on the ground that Esters' ineffective assistance of counsel claim did "not satisfy *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)." R. [7-7] at 1-2. The court further concluded that Esters' remaining claims – the evidence was insufficient to support the conviction, prosecutorial and judicial misconduct, and illegally imposed habitual offender sentence – were "barred by the doctrine of res judicata as they were either raised or should have been raised on direct appeal." *Id*. (citing Miss. Code Ann. § 99-39-21(3)).

The court also concluded that Esters' claim regarding his habitual offender status was without merit. *Id.* at 1.

On September 2, 2020, Esters signed his 28 U.S.C. § 2254 [1] Petition, which was filed of record on September 8, 2020. Pet. [1] at 1-37. Esters asserts eight grounds for federal habeas relief:

1. The evidence is insufficient to sustain the conviction for automobile burglary.

2. The jury was not fully instructed on the essential elements of automobile burglary.

3. Petitioner was denied effective assistance of counsel in violation of his rights under the United States and Mississippi Constitutions.

4. The overwhelming weight of the evidence was insufficient to support the verdict; thus, denying Esters' due process rights and violating the Fourteenth Amendment to the United States Constitution and Mississippi Constitution.

5. Petitioner's conviction and sentence are derived from judicial misconduct.

6. Petitioner's conviction and sentence are derived from prosecutorial misconduct.

7. Petitioner's sentence as a habitual offender was imposed illegally.

8. Petitioner is convicted and in custody of the MDOC in violations of the United States Constitution, laws, and treaties by false imprisonment through malicious and vindictive prosecutorial misconduct where insufficient evidence denied due process and equal protection of law, breach of duty to recognize perjury, and misidentification, and fraud upon the court.

*Id.* at 5-37. Respondent Burl Cain has filed a [6] Response in Opposition. Respondent argues that Esters' third, sixth, and seventh federal habeas claims are procedurally barred. Resp. [6] at 8-13. Respondent also argues that Esters is not entitled to relief on his second, fourth, fifth, and eighth federal habeas claims because Esters has failed to demonstrate that the Mississippi Supreme Court's decision on those claims was contrary to United States Supreme Court precedent or an unreasonable determination of the facts based on the evidence presented. *Id.* at 13-44. Respondent further argues that Esters' final federal habeas claim is a culmination of several other of Esters' claims and should likewise be rejected. *Id.* at 6 n. 5.

Esters subsequently filed a [9] Traverse essentially asserting that Respondent's [6] Response is frivolous and suggesting that he is entitled to federal habeas relief as a matter of law. *Id.* at 1-4. Ester also argues, seemingly for the first time, that his trial counsel also acted ineffective by allegedly failing to subpoena or question his mother and another person as alibi witnesses. *Id.* at 3. In support of this assertion, Esters attached an affidavit from Barbara Ann Esters, who identifies herself as Esters' mother, Ex. [9-1] at 1-2, and an individual identified as Fredrick Johnson, Ex. [9-2] at 1-2. Noticeably, the affidavits are dated December 16, 2020, more than three years after Esters' conviction and more than three months after he filed his [1] Petition.

## II. <u>LEGAL STANDARD</u>

**A.    Anti-Terrorism and Effective Death Penalty Act**

Federal habeas review is governed by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). 28 U.S.C. § 2254. Under the AEDPA, a petitioner may not obtain federal habeas relief on any claim that was adjudicated on the merits in state court proceedings unless the adjudication of that claim either: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *Cobb v. Thaler*, 682 F.3d 364, 372-73 (5th Cir. 2012); *Brown v. Payton*, 544 U.S. 133, 141 (2005). When reviewing a mixed question of law and fact, "a federal court may grant habeas relief only if it determines that the state court decision rested on 'an unreasonable application of clearly established federal law as determined by the Supreme Court' to the facts of the case." *Lockhart v. Johnson*, 104 F.3d 54, 56-57 (5th Cir. 1997), *cert. denied*, 521 U.S. 1123 (1997) (quoting *Drinkard v. Johnson*, 97 F.3d 751 (5th Cir. 1996)).

A federal habeas court's inquiry into unreasonableness should always be objective rather than subjective, with a focus on whether the state court's application of clearly established federal law was "objectively unreasonable" and not whether it was incorrect or erroneous. *McDaniel v. Brown*, 558 U.S. 120, 133 (2010); *Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003). Even a strong case for relief does not mean the

state court's contrary conclusion was unreasonable, regardless of whether the federal habeas court would have reached a different conclusion itself. *Harrington v. Richter*, 562 U.S. 86, 102 (2011). Instead, a petitioner must show that the decision was objectively unreasonable, which is a "substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007); *Lockyer v. Andrade*, 538 U.S. 63, 75-76 (2003). So long as "fairminded jurists could disagree" on the correctness of the state court's decision, a state court's determination that a claim lacks merit precludes federal habeas relief. *Richter*, 562 U.S. at 101 (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). In other words, to obtain federal habeas relief on a claim previously adjudicated on the merits in state court, a petitioner must show that the state court's ruling "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103; *see also Bobby v. Dixon*, 565 U.S. 23, 24 (2011).

Federal courts look to the "last reasoned opinion" as the state court's "decision." *Salts v. Epps*, 676 F.3d 468, 479 (5th Cir. 2012); *see Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018). "Where a state court's decision is unaccompanied by an explanation," and the lower courts did not issue a reasoned opinion, "the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." *Harrington v. Richter*, 562 U.S. at 98; *see Johnson v. Williams*, 568 U.S. 289, 293 (2013) (holding that there is a rebuttable presumption that the federal claim was adjudicated on the merits when the state court addresses some claims, but not others, in its opinion).

Review under the AEDPA is "highly deferential" to the state court's decision. *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam). This intentionally difficult standard stops just short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings. *Harrington*, 562 U.S. at 102 (citing *Felker v. Turpin*, 518 U.S. 651, 664 (1996)). To merit relief under the AEDPA, a petitioner may not merely show legal error in the state court's "decision." *White v. Woodall*, 572 U.S. 415, 419 (2014) (stating being "merely wrong" or in "clear error" is insufficient to warrant federal relief under the AEDPA). AEDPA review exists only to "guard against extreme malfunctions in the state criminal justice systems." *Woods v. Donald*, 575 U.S. 312, 316 (2015) (internal citation and quotation marks omitted). "[F]ocus[ing] on what a state court knew and did," *Cullen v. Pinholster*, 563 U.S. 170, 182 (2011), [the] AEDPA requires inmates to "show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement," *White*, 572 U.S. at 419-20 (quoting *Harrington*, 562 U.S. at 103). As the Supreme Court explained, "[i]f this standard is difficult to meet, that is because it was meant to be." *Richter*, 562 U.S. at 102.

**B.    Procedural Bar on Federal Habeas Review**

Federal habeas review is procedurally barred "[i]f a state court clearly and expressly bases its dismissal of a prisoner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal."

*Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir.1997); *Sayre v. Anderson*, 238 F.3d 631, 634 (5th Cir. 2001)(citations omitted).

A habeas petitioner may overcome the procedural bar in two ways. First, the petitioner can overcome the procedural bar by showing cause for it and actual prejudice from its application. *Hughes v. Quarterman*, 530 F.3d 336, 341 (5th Cir. 2008). For a finding of cause, "there must be something *external* to the petitioner, something that cannot fairly be attributed to him" which prevented him from raising and discussing the claims as grounds for relief in state court. *Coleman v. Thompson*, 501 U.S. 722, 753 (1991)(emphasis in original), *modified on other grounds*, *Martinez v. Ryan*, 566 U.S. 1 (2012). To establish prejudice, a petitioner must show that, but for the alleged error, the outcome of the proceeding would have been different. *Pickney v. Cain*, 337 F.3d 542, 545 (5th Cir. 2003).

Second, the petitioner can overcome the procedural bar by showing that a fundamental miscarriage of justice would result if the procedural bar were applied. *Martin v. Maxey*, 98 F.3d 844, 849 (5th Cir. 1996) (citations omitted). To show that such a miscarriage of justice would occur, a petitioner must prove "as a factual matter, that he did not commit the crime of conviction." *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (citations omitted). Further, the petitioner must support his allegations with new, reliable evidence, that was not presented at trial, and must show that it was "more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id.* at 644 (citations omitted).

III. <u>DISCUSSION</u>

**A.    Ground One: Sufficiency-of-the-Evidence.**

Esters asserts that he is entitled to federal habeas relief because the evidence is insufficient to sustain the conviction for automobile burglary. Pet. [1] at 5, 22-24. Specifically, Esters asserts that the State failed to present any evidence of the automobile that was burglarized and failed to prove that an actual "breaking" occurred to gain access to the automobile. *Id*. at 23-24.

A sufficiency-of-the-evidence claim is based upon federal due process principles, requiring the State to prove each element of the offense beyond a reasonable doubt. The only relevant question in assessing the sufficiency of the evidence is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). *Jackson* requires federal courts to look to state law for the substantive elements of the offense, but "the minimum amount of evidence that the Due Process Clause requires to prove the offense is purely a matter of federal law." *Coleman v. Johnson*, 566 U.S. 650, 655 (2012)(internal quotation marks omitted). *Jackson* claims also "face a high bar in federal proceedings because they are subject to two layers of judicial deference." *Id*. at 651. In the first layer, a state appeals court reviewing the sufficiency of the evidence sets aside the jury's verdict "only if no rational trier of fact could have agreed with the jury." *Id*. In the second layer, a federal court grants habeas relief only upon a finding that the state court's rejection of a sufficiency-of-the-evidence claim

was "objectively unreasonable." *Id*. Under *Jackson's* sufficiency-of-the-evidence standard, juries have broad discretion in deciding what inferences to draw from the evidence presented at trial, requiring only that they "draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319.

Viewing the evidence in the light most favorable to the State in this case, the Mississippi Court of Appeals concluded that the jury heard sufficient evidence from which it could rationally infer that Esters was guilty of auto burglary beyond a reasonable doubt. *Esters*, 281 So.3d at 849. The court first addressed Esters' argument that insufficient evidence existed to support his conviction because the State failed to prove the allegedly essential element of the specific burglarized automobile. In its rejection of Esters' argument, the court explained as follows:

> We first address Esters's argument that insufficient evidence supported his conviction because the State failed to prove an essential element of the crime charged. As Esters points out, despite amending his indictment to specifically reflect the correct make, model, and VIN number of Bowens's vehicle, the State never actually asked Bowens at trial about the type of vehicle she owned. Furthermore, neither Bowens nor any of the State's other witnesses ever identified the make, model, or VIN number of Bowens's vehicle. While one would expect the State to elicit testimony at trial that conforms with the indictment, the mere fact that an indictment provides the subject vehicle's make, model, and VIN number does not render such information an essential element of auto burglary. Neither our statutory law nor caselaw identifies the legal description of a subject vehicle as an essential element of auto burglary. As a result, the State's failure to present proof of this fact at Esters's trial does not require reversal of Esters's conviction or sentence.

> Esters was convicted under section 97-17-33(1), which provides:

>> Every person who shall be convicted of breaking and entering, in the day or night, **any ... automobile** ... in which any goods, merchandise, equipment[,] or valuable thing shall be kept for

> use, sale, deposit, or transportation, with intent to steal therein,
> or to commit any felony, ... shall be guilty of burglary[ ] and
> imprisoned in the penitentiary not more than seven (7) years.
>
> (Emphasis added). As discussed, neither the relevant statute nor
> applicable caselaw requires the State to identify, let alone prove, the
> legal description of the automobile burglarized to establish that a
> defendant committed auto burglary. Instead, the State must prove (1)
> the "unlawful breaking [into] and entering of **an automobile**" (2)
> "with the intent to steal[ ] or with the intent to commit any felony."
> *Qualls v. State*, 947 So.2d 365, 374 (¶ 29) (Miss. Ct. App. 2007)
> (emphasis added).

*Esters*, 281 So.3d at 847-48.

In rejecting Esters' second argument – that insufficient evidence existed to

support his conviction because the State failed to the essential element of "breaking"

– the Mississippi Court of Appeals explained as follows:

> We next consider Esters's argument that the State failed to
> sufficiently prove the "breaking" element of his conviction. Esters
> asserts the record contains no evidence to indicate whether the doors
> and windows of Bowens's vehicle were closed. According to Esters, if
> he "was able to gain entry [into Bowens's vehicle] by merely reaching
> into an already open door, he [did not commit] a burglary." Our
> caselaw holds that an actual breaking occurs when a person uses "any
> act of force, however slight, ... to effect an entrance through any usual
> or unusual place of ingress, whether open, partly open, or closed."
> *Naylor v. State*, 248 So.3d 793, 796 (¶ 10) (Miss. 2018). In fact, the
> minimal effort required by turning a doorknob to gain entry to an
> unlocked door, raising a latch, or slightly pushing an already open
> door suffice for the element of breaking. *Harris v. State*, 68 So.3d 754,
> 757 (¶ 11) (Miss. Ct. App. 2011); *Davis v. State*, 910 So.2d 1228, 1231
> (¶ 23) (Miss. Ct. App. 2005).
>
> Here, officers found no visible signs of forced entry into Bowens's
> vehicle. Bowens testified at trial that she believed her friend had
> locked the vehicle when they returned from the beach trip. In
> addition, she never indicated that she or her friend had left any
> windows or doors open when they exited the vehicle, and she never
> testified to noticing an open window or door when she returned to her
> vehicle the following day. However, after trying unsuccessfully to

11

start her vehicle, Bowens looked around and realized several items were missing. Later that day, officers arrested Esters, who had several of Bowens's stolen items in his possession.

On its own, the mere possession of stolen property is insufficient to convict a defendant of burglary. *Busby v. State*, 160 So.3d 233, 235 (¶ 7) (Miss. Ct. App. 2014). However, when certain circumstances are present, the possession of recently stolen property can support a conviction. *Id*. To determine whether sufficient evidence supports an inference of burglary, we consider the following factors:

> 1. The temporal proximity of the possession to the crime to be inferred;
> 2. The number or percentage of the fruits of the crime possessed;
> 3. The nature of the possession in terms of whether there is an attempt at concealment or any other evidence of guilty knowledge;[ and]
> 4. Whether an explanation is given and whether that explanation is plausible or demonstrably false.

*Id*.

As to the first factor, temporal proximity, Bowens discovered Esters in possession of some of her stolen property only hours after she reported the auto burglary. As both Bowens and Perry testified, Esters was attempting to enter Bowens's apartment even though he neither lived there nor knew Bowens. With regard to the second factor, at the time he tried to enter Bowens's apartment, Esters had in his possession both Bowens's expired license and a bag stolen from her vehicle. When officers arrested Esters just minutes later, they also found several other items stolen from Bowens's vehicle in his possession. Finally, as to the third and fourth factors, these also support the inference of burglary. In response to questions from both Perry and police officers, Esters offered an explanation that was demonstrably false. He claimed to be Bowens's boyfriend and stated he was trying to return the items to her. Bowens testified, however, that she had never before seen Esters, and Perry confirmed that Esters did not live at Bowens's apartment. Considering together all the indicia of strength from these inferences, we find that, under the circumstances, a sufficient inference of burglary supported Esters's conviction.

*Esters*, 281 So.3d at 848-49.

Based on this well-reasoned and detailed analysis, the Mississippi Court of Appeals concluded that there was sufficient evidence to establish that Esters committed auto burglary. *Id*. at 849. Under this Court's limited AEDPA review, this finding was neither contrary to, nor an unreasonable application of, *Jackson*. On the contrary, the jury's construction of the evidence was reasonable, and its resulting decision to find Esters guilty of auto burglary beyond a reasonable doubt under Mississippi law was rational. Esters offers nothing to overcome the deference we must afford to the Mississippi Court of Appeals' findings that the sufficiency of the evidence supports a conviction in this case. Accordingly, no relief is warranted on this ground and the undersigned recommends its dismissal.

**B.      Ground Two: Automobile Burglary Jury Instruction.**

Esters asserts that he is entitled to federal habeas relief because the jury was not fully instructed on the essential elements of automobile burglary. Pet. [1] at 7, 25-26. Respondent contends that this claim is barred from federal habeas review. Answer [6] at 8.

A claim is generally barred from federal habeas review "[i]f a state court clearly and expressly bases its dismissal of a prisoner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal." *Nobles*, 127 F.3d at 420. The petitioner can overcome the procedural bar by showing cause and actual prejudice from its application, *Hughes*, 530 F.3d at 341, or that its application would result in a fundamental miscarriage of justice, *Martin*, 98 F.3d at 849.

On direct appeal, the Mississippi Court of Appeals held that Esters' claim regarding the automobile burglary jury instruction was procedurally barred by the failure to contemporaneously object at trial. R. [7-4] at 21-24; *Esters*, 281 So.3d at 849-50. The Fifth Circuit has long held that Mississippi's contemporaneous objection rule is an adequate state procedural bar because Mississippi courts have strictly and regularly imposed the bar for failing to raise such issues at trial. *Smith v. Black*, 970 F.2d 1383, 1387 (5th Cir. 1992); *see also Day v. King*, Civ. No. 1:03-cv-624, 2006 WL 2541600, at *4 (S.D. Miss. Aug. 31, 2006) (listing Mississippi cases holding issues procedurally barred for failure to lodge a contemporaneous objection). Because the Mississippi Court of Appeals expressly dismissed Esters' claim on an independent and adequate state procedural rule, the claim is procedurally barred from federal habeas review, *Guidry v. Lumpkin*, 2 F.4th 472, 486 (5th Cir. 2021), unless Esters can demonstrate the applicability of either exception.

Esters fails to demonstrate, or even attempt to demonstrate, the applicability of either procedural bar exception. Esters has not asserted that an external force prevented him from objecting to the automobile burglary jury instruction at trial. Esters has failed to demonstrate that had such an objection been made, or had a different instruction been provided, the trial's outcome would have been different. Nor has Esters brought forth any new, reliable evidence to establish that he is innocent of the crime for which he was convicted. Even if he had made such a showing, Esters has failed to demonstrate that no reasonable juror would have convicted him

in light of that new evidence. Accordingly, Esters' second ground for federal habeas relief is procedurally barred, and the undersigned recommends its dismissal.

## C.   Ground Three: Ineffective Assistance of Counsel.

Esters asserts that he is entitled to federal habeas relief because he was denied effective assistance of counsel in violation of his rights under the United States and Mississippi Constitutions. Pet. [1] at 8, 26-39.

### i.   Applicable Legal Authority

Federal courts examine ineffective assistance of counsel claims pursuant to *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Under *Strickland*, a criminal defendant must show both that counsel rendered deficient performance and that counsel's actions resulted in actual prejudice. *Id*. Demonstrating deficient performance requires a showing that, in light of the circumstances as they appeared at the time of the conduct, "counsel's representation fell below an objective standard of reasonableness" as measured by "prevailing professional norms." *Id*. at 687-88. But there exists a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. at 689. The Fifth Circuit has explained that counsel's strategic decisions must be given a strong degree of deference. *Yohey v. Collins*, 985 F.2d 222, 228 (5th Cir. 1993). Thus, on federal habeas review, if there is any "reasonable argument that counsel satisfied *Strickland's* deferential standard," the state court's denial must be upheld. *Harrington*, 562 U.S. at 105.

Demonstrating actual prejudice requires a showing that counsel's deficient performance was "so serious as to deprive the [criminal] defendant of a fair trial, a

trial whose result is reliable." *Strickland*, 466 U.S. at 687. This requires demonstrating a reasonable probability that but for counsel's deficiencies, the result of the proceeding would have been different. *Id*. at 694.

As the United States Supreme Court has explained:

> Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. The standards created by *Strickland* and § 2254(d) are both "highly deferential," and when the two apply in tandem, review is "doubly" so. The *Strickland* standard is a general one, so the range of reasonable applications is substantial. Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard.

*Harrington*, 562 U.S. at 105 (cleaned up); *see also Trottie v. Stephens*, 720 F.3d 231, 240-41 (5th Cir. 2013) ("even a strong case for relief does not mean the state court's contrary conclusion was unreasonable") (quoting *Richter*, 562 U.S. at 102)).

ii.   <u>Analysis</u>

Esters asserts that he is entitled to federal habeas relief based on the ineffective assistance of trial counsel. Pet. [1] at 8, 26-39. Specifically, Esters contends that his trial counsel acted ineffective by allegedly: (1) failing to conduct a pretrial investigation of the facts and circumstances of the case; (2) failing to interview and subpoena potential defense witnesses; (3) failing to object to the misconduct of the trial court and the prosecutor; (4) failing to challenge the victim's in-court identification of Esters; (5) failing to challenge improper jury instructions; and (6) failing to challenge Esters' sentence as a habitual offender. *Id*. at 26-29.

The Fifth Circuit has determined that the issue of ineffective assistance of counsel presents a mixed question of law and fact. *Clark v. Thaler*, 673 F.3d 410, 416 (5th Cir. 2012); *Woodfox v. Cain*, 609 F.3d 774, 789 (5th Cir. 2010). Because the Mississippi Supreme Court adjudicated Esters' ineffective assistance of counsel claim on the merits, federal habeas relief is only available if the Mississippi Supreme Court's decision "was contrary to, or involved an unreasonable application of, clearly established" Supreme Court precedent. *See Kittelson v. Dretke*, 426 F.3d 306, 318 (5th Cir. 2005). The Court addresses each of Esters' contentions in turn.

### a. Allegedly Failing to Conduct a Pretrial Investigation of the Facts and Circumstances of the Case.

Esters contends that his trial counsel was ineffective by allegedly failing to conduct a pretrial investigation of the facts and circumstances of the case. Pet. [1] at 28.

To prevail on an inadequate investigation claim, a petitioner must show that a more thorough investigation would have, in fact, benefited his defense. In other words, the petitioner must show that allegedly exculpatory evidence existed and would have been revealed through additional efforts. *Moawad v. Anderson*, 143 F.3d 942, 948 (5th Cir. 1998); *see also Brown v. Dretke*, 419 F.3d 365, 375 (5th Cir. 2005). A petitioner cannot show prejudice as to a claim that his counsel failed to investigate without adducing what the investigation would have shown and that the outcome would have been different as a result. *Diaz v. Quarterman*, 239 F. App'x. 886, 890 (5th Cir. 2007) (citing *Strickland*, 466 U.S. at 696).

Esters has failed to establish an inadequate investigation claim. Esters has not demonstrated that a more thorough investigation by his trial counsel would have benefited his defense. Specifically, Esters has not demonstrated the existence of any exculpatory evidence that would have been revealed through additional efforts by his trial counsel. Nor has Esters demonstrated the existence of any prejudice as a result of his trial counsel's allegedly inadequate investigation. Esters has not established what the additional investigation would have established or that such further investigation would have led to a different outcome. Therefore, Esters' claim necessarily fails. *See, e.g., Cox v. Stephens*, 602 F. App'x. 141, 146 (5th Cir. 2015) (holding that "[b]are allegations" that counsel failed "to make an adequate investigation of potential witnesses" were insufficient to warrant relief); *United States v. Lewis*, 786 F.2d 1278, 1283 (5th Cir. 1986) ("Since Lewis has not pointed out any evidence which would have been produced by more thorough investigation, much less evidence that would be sufficient to undermine confidence in the outcome of the trial, no prejudice has been shown.").

Instead, Esters offers only the conclusory allegation that his trial counsel failed to conduct any pretrial investigation. Pet. [1] at 28. Such a conclusory allegation alone, however, cannot demonstrate deficient performance or prejudice under *Strickland*. *See Murphy v. Dretke*, 416 F.3d 427, 436-37 (5th Cir. 2005)(allegation of constitutional violation is insufficient for habeas relief); *Rhoades v. Davis*, 852 F.3d 422, 431-32 (5th Cir. 2017) (habeas petitioner bears burden to demonstrate entitlement to relief under *Strickland*).

Notwithstanding, Esters has failed to demonstrate that the Mississippi Supreme Court's decision on this claim "was contrary to, or involved an unreasonable application of, clearly established" Supreme Court precedent. *See Kittelson*, 426 F.3d at 318. Esters has failed to demonstrate that his trial counsel's actions constitute "deficient performance." *Strickland*, 466 U.S. at 687. Even if he could, Esters has not shown any resulting prejudice from that allegedly deficient conduct. *Id*. at 694. Because, there is at least a "reasonable argument that" Esters' trial counsel "satisfied *Strickland's* deferential standard," the Mississippi Supreme Court's denial must be upheld. *Harrington*, 562 U.S. at 105. Accordingly, federal habeas relief is not warranted on this ground.

### b. *Allegedly Failing to Interview and Subpoena Potential Defense Witnesses.*

Esters next contends that his trial counsel was ineffective by allegedly failing to interview and subpoena potential defense witnesses. Pet. [1] at 28.

The Fifth Circuit "has emphasized that 'complaints of uncalled witnesses are not favored, because the presentation of testimonial evidence is a matter of trial strategy and because allegations of what a witness would have testified are largely speculative.'" *United States v. Cockrell*, 720 F.2d 1423, 1427 (5th Cir. 1983) (quoting *Buckelew v. United States*, 575 F.2d 515, 521 (5th Cir. 1978)). Moreover, a petitioner claiming "ineffective assistance based on counsel's failure to call a witness [is required] to demonstrate prejudice by 'nam[ing] the witness, demonstrat[ing] that the witness was available to testify and would have done so, set[ting] out the content of the witness's proposed testimony, and show[ing] that the testimony would have

been favorable to a particular defense.'" *Woodfox v. Cain*, 609 F.3d 774, 808 (5th Cir. 2010) (quoting *Day v. Quaterman*, 566 F.3d 527, 538 (5th Cir. 2009)).

In his [1] Petition, Esters has not specifically identified any witness that his trial counsel should have interviewed or subpoenaed to testify. Nor has Esters presented any affidavits from such witnesses laying out the content of their proposed testimony, provided any evidence to support that such witnesses would have actually testified, or that such witnesses' testimony would have been favorable to Esters' defense. Because Esters has not made any of the requisite showings to substantiate a complaint of ineffective assistance of counsel based on uncalled witnesses, this claim necessarily fails.

Instead, Esters once again offers only the conclusory allegation that his trial counsel failed to interview or subpoena unspecified witnesses. Such a conclusory allegation alone, however, cannot demonstrate either deficient performance or prejudice under *Strickland*. *See Murphy*, 416 F.3d at 436-37; *Rhoades*, 852 F.3d 431-32.

However, in his [9] Traverse, Esters asserts that his trial counsel also acted ineffective by allegedly failing to subpoena or question his mother and an individual identified as Fredrick Johnson as alibi witnesses. *Id*. at 3. But this argument lacks merit for at least four reasons. First, a thorough review of the record demonstrates that Esters did not raise this issue at any point prior to filing his [9] Traverse. Esters did not raise this issue at trial, *see* R. [7-2] at 73-125, in his post-trial motion for judgment non-obstante verdicto, or, in the alternative, for a new trial, *see* R. [7-1] at

64-66, on direct appeal to the Mississippi Court of Appeals, *see* R. [7-5] at 5-13, in his motion for re-hearing of his direct appeal, *see* R. [7-6] at 29-36, in his petition for writ of certiorari filed by counsel with the Mississippi Supreme Court, *see id.* at 7-14, or in his pro se petition for writ of certiorari, *see id.* at 39-46. Nor did Esters raise this issue in his Application for Leave to File Motion for Post-Conviction Relief, *see* R. [7-7] at 4-8, in his accompanying Motion for Post-Conviction Collateral Relief, *see id.* at 9-39, or in his 28 U.S.C. § 2254 [1] Petition, *see* Pet. [1] at 1-37.

But the Fifth Circuit has long held that, in the 28 U.S.C. §2254 context, issues raised for the first time in a reply brief are waived and need not be considered on federal habeas review. *See Jones v. Cain*, 600 F.3d 527, 541 (5th Cir. 2010) ("Arguments raised for the first time in a reply brief are generally waived."); *United States v. Jackson*, 426 F.3d 301, 304 n.2 (5th Cir. 2005) ("Arguments raised for the first time in a reply brief, even by pro se litigants . . . are waived.") (citing *Knighten v. Comm'r*, 702 F.2d 59, 60 n.1 (5th Cir. 1983)). *See also United States v. Sangs*, 31 F. App'x. 152, 2001 WL 1747884, at *1 (5th Cir. Dec.11, 2001) (affirming, in 28 U.S.C. § 2255 context, district court's refusal to consider issue raised for the first time in a traverse to the government's response to habeas petition) (citing *United States v. Cervantes*, 132 F.3d 1106, 1111 (5th Cir. 1998)).

Second, to the extent Esters' claim can be liberally construed as one of ineffective assistance of counsel based on an inadequate investigation of the alleged alibi, such a claim fails. To prevail on an inadequate investigation claim, a petitioner must show that allegedly exculpatory evidence existed and would have been revealed

through additional efforts. *Moawad*, 143 F.3d at 948. In support of his argument, Esters attached affidavits from Barbara Ann Esters, who identifies herself as Esters' mother, and an individual identified as Fredrick Johnson, and claims that they can account for Esters' whereabouts at the time of the events giving rise to his conviction occurred. Ex. [9-1] at 1-2; Ex. [9-2] at 1-2. Noticeably, however, both affidavits are dated December 16, 2020, more than three years after Esters' conviction. For that reason alone, Esters has failed to demonstrate that these affidavits would have been revealed through additional efforts by his counsel prior to his trial. Therefore, this claim necessarily fails. *See, e.g., Cox v. Stephens*, 602 F. App'x. 141, 146 (5th Cir. 2015) (holding that "[b]are allegations" that counsel failed "to make an adequate investigation of potential witnesses" were insufficient to warrant relief); *United States v. Lewis*, 786 F.2d 1278, 1283 (5th Cir. 1986) ("Since Lewis has not pointed out any evidence which would have been produced by more thorough investigation, much less evidence that would be sufficient to undermine confidence in the outcome of the trial, no prejudice has been shown.").

Third, to the extent Esters' claim can be liberally construed as one of ineffective assistance of counsel based on a failure to call his mother and Fredrick Johnsons as alibi witnesses, such a claim fails. As previously explained, the Fifth Circuit "has emphasized that 'complaints of uncalled witnesses are not favored, because the presentation of testimonial evidence is a matter of trial strategy and because allegations of what a witness would have testified are largely speculative.'" *Cockrell*,

720 F.2d at 1427. Here, it could be said that the decision by Esters' counsel to not call Esters' mother and Fredrick Johnson to testify was a matter of trial strategy.

Notwithstanding, in order to substantiate an uncalled witnesses claim Esters must not only name the witnesses but also show that the witnesses were available to testify at trial, that the witnesses would have done so, and that the witnesses testimony would have been favorable to him. *Woodfox*, 609 F.3d at 808. Here, Esters has not made that showing. Given that the affidavits were not signed until more than three years after his trial, it cannot be said that Esters has demonstrated that his mother or Frederick Johnson were available to testify and would have done so. Nor did either so state in their affidavits that they were available and willing to testify. And given that Esters has not explained why the affidavits were not made available to his trial counsel prior to or at the time of trial, it does not appear they were willing to testify. Nor does it appear that either witnesses' alleged testimony would have been favorable to Esters. Both individuals represent that Esters was at his mother's home from the evening of May, 29, 2016, until late in the afternoon on May 30, 2016. *See Ex.*[9-1] at 1 ("Antwoine Esters was at my residence all night of [M]ay the 29th of 2016 until 4 to 4:30pm May 30th 2016")(all sic in original); *see also* Ex. [9-2] at (" . . . Esters was [at his mother's residence] all night with us May 29th that night until that next day [M]ay [t]he 30th 2016 all morning and that even[ing] He did not leave the residence until 4 to 4:30pm that day.")(all sic in original). Yet, in his [1] Petition, Esters contends that he did not go to his mother's residence until sometime on May 30, 2016. Pet. [1] at 17. These inconsistences also further support the appearance that

the decision by Esters' counsel to not call Esters' mother and Fredrick Johnson to testify was a matter of trial strategy.

Fourth, to the extent Esters' assertion of actual innocence may be liberally construed as a stand-alone claim of actual innocence, such a claim is not an independent ground for federal habeas corpus relief. *Herrera v. Collins*, 506 U.S. 390, 404-05 (1993). The Supreme Court reaffirmed in *McQuiggin* that it has not yet resolved whether a prisoner may be entitled to habeas corpus relief based on a freestanding claim of actual innocence. 569 U.S. 383, 386 (2013). Moreover, the Fifth Circuit does not recognize freestanding claims of actual innocence. *See United States v. Shepherd*, 880 F.3d 734, 740 (5th Cir. 2018); *Coleman v. Thaler*, 716 F.3d 895, 908 (5th Cir. 2013). And Esters has not presented any Supreme Court or Fifth Circuit authority recognizing a freestanding claim of actual innocence. Thus, Esters has not shown a basis for relief using this argument. Even if he had, as previously explained, this argument of ineffective assistance of counsel based the alleged failure to subpoena or question his mother and Fredrick Johnson as alibi witnesses, has been waived. *Jones*, 600 F.3d at 541.

Notwithstanding, Esters has failed to demonstrate that the Mississippi Supreme Court's decision on this claim "was contrary to, or involved an unreasonable application of, clearly established" Supreme Court precedent. *See Kittelson*, 426 F.3d at 318. Esters has failed to demonstrate that his trial counsel's actions constitute "deficient performance." *Strickland*, 466 U.S. at 687. Even if he could, Esters has not shown any resulting prejudice from that allegedly deficient conduct. *Id.* at 694.

24

Because, there is at least a "reasonable argument that" Esters' trial counsel "satisfied *Strickland's* deferential standard," the Mississippi Supreme Court's denial must be upheld. *Harrington*, 562 U.S. at 105. Accordingly, federal habeas relief is not warranted on this ground.

### c.    Allegedly Failing to Object to the Misconduct of the Trial Court and the Prosecutor.

Esters next contends that his trial counsel was ineffective by allegedly failing to object to the misconduct of the state court and the prosecutor. Pet. [1] at 28.

Esters does not cite to any portion of the state court record to support his argument. Instead, Esters once again offers only the conclusory allegation that his trial counsel acted ineffectively by failing to object to the alleged misconduct of the trial court and the prosecutor. Pet. [1] at 28. But such a conclusory allegation alone, however, cannot demonstrate deficient performance or prejudice under *Strickland*. *See Murphy*, 416 F.3d at 436-37; *Rhoades*, 852 F.3d at 431-32.

Notwithstanding, the undersigned finds Esters' allegations of judicial and prosecutorial misconduct meritless. *See infra* pp. 32-38. Given those circumstances, Esters' trial counsel cannot be deemed ineffective for failing to lodge a meritless objection or file a meritless motion raising allegations of judicial and/or prosecutorial misconduct. *See Jackson v. Johnson*, 150 F.3d 520, 525-26 (5th Cir. 1998) (holding that an attorney's failure to raise a meritless argument cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue."); *Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1994) ("Failure to raise meritless objections is not

ineffective lawyering; it is the very opposite."); *see also United States v. Gibson*, 55 F.3d 173, 179 (5th Cir. 1995); *Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990) (holding that trial counsel cannot be deemed ineffective for failing to file a meritless motion).

More importantly, Esters has failed to demonstrate that the Mississippi Supreme Court's determination on this claim "was contrary to, or involved an unreasonable application of, clearly established" Supreme Court precedent. *See Kittelson*, 426 F.3d at 318. Esters has failed to establish that his trial counsel's actions constitute "deficient performance." *Strickland*, 466 U.S. at 687. Even if he could, Esters has not shown any resulting prejudice from that allegedly deficient conduct. *Id.* at 694. Because, based on the discussion above, there is at least a  "reasonable argument that" Esters' trial counsel "satisfied *Strickland's* deferential standard," the Mississippi Supreme Court's denial must be upheld. *Harrington*, 562 U.S. at 105. Accordingly, federal habeas relief is not warranted on this ground.

### d.  *Allegedly Failing to Challenge the Victim's In-court Identification of Esters.*

Esters next contends that his trial counsel was ineffective by allegedly failing to challenge the victim's in-court identification of Esters. Pet. [1] at 28. But Esters has once again offered nothing beyond his cursory allegation to support this contention. Nonetheless, the state court record does not support Esters' contention. When the State asked the victim on redirect if she could make an identification, Esters' counsel objected, and the trial court heard sidebar arguments on the permissibility of the State's question. R. [7-2] at 92-94. Thus, the state court record

undermines Esters' contention that his trial counsel failed to challenge the in-court identification. Given those circumstances, Esters' trial counsel cannot be deemed ineffective for failing to lodge further objections or make motions challenging the in-court identification. *See Jackson*, 150 F.3d at 525-26; *Clark*, 19 F.3d at 966; *see also Gibson*, 55 F.3d at 179; *Koch*, 907 F.2d at 527.

Notwithstanding, Esters has failed to demonstrate that the Mississippi Supreme Court's determination on this claim "was contrary to, or involved an unreasonable application of, clearly established" Supreme Court precedent. *See Kittelson*, 426 F.3d at 318. Esters has failed to establish that his trial counsel's actions constitute "deficient performance." *Strickland*, 466 U.S. at 687. Even if he could, Esters has not shown any resulting prejudice from that allegedly deficient conduct. *Id.* at 694. Because, based on the discussion above, there is at least a "reasonable argument that" Esters' trial counsel "satisfied *Strickland's* deferential standard," the Mississippi Supreme Court's denial must be upheld. *Harrington*, 562 U.S. at 105. Accordingly, federal habeas relief is not warranted on this ground.

### e.   *Allegedly Failing to Challenge Improper Jury Instructions*

Esters next contends that his trial counsel was ineffective by allegedly failing to challenge improper jury instructions. Pet. [1] at 28.

To begin with, Esters fails to identify which jury instruction(s) was allegedly improper. Even if Esters had, he has not presented any legal authority to support an argument that any specific jury instruction given at the trial was improper. Instead, Esters has offered only his conclusory allegation that his "[t]rial counsel failed to

challenge improper jury instructions." Pet. [1] at 28. Such a conclusory allegation alone, however, cannot demonstrate deficient performance or prejudice under *Strickland*. *See Murphy*, 416 F.3d at 436-37; *Rhoades*, 852 F.3d at 431-32.

Even if the undersigned overlooked that defect and liberally construed Esters' claim as alleging ineffective assistance of counsel based on the failure to challenge the automobile burglary jury instruction – the same instruction that is the basis of Esters' second ground for federal habeas relief – his present claim would still fail for at least three additional reasons.

First, the underlying substance of Esters' claim – that the automobile burglary jury instruction was defective – is barred from federal habeas review and Esters failed to demonstrate or even attempt to demonstrate the applicability of either exception to overcome the procedural bar. *See supra* pp. 13-15. Where a claim is barred by independent and adequate state procedural rule, federal courts lack jurisdiction to review that claim. *Bradley v. Shaw*, Civ. No. 2021 WL 7711054, at *3 (S.D. Miss. Dec. 9, 2021) (quoting *Roberts v. Thaler*, 681 F.3d 597, 604 (5th Cir. 2012) (emphasis in original), *report and recommendation adopted* 2022 WL 908932 (S.D. Miss. Mar. 28, 2022).

Second, even if the underlying substantive claim was not procedurally barred from review or Esters had satisfied either exception to the procedural bar, Esters would still not meet the requirements to obtain federal habeas relief. "Improper jury instructions in state criminal trials do not generally form the basis for federal habeas relief." *Tarpley v. Estelle*, 703 F.2d 157, 159 (5th Cir. 1983) (citing *Cupp v. Naughten*,

414 U.S. 141, 146 (1973)). "Before a federal court may grant relief under 28 U.S.C. § 2254 based on alleged error in a state trial court's unobjected to charge, the error must be so egregious as to rise to the level of a constitutional violation or so prejudicial as to render the trial itself fundamentally unfair." *Baldwin v. Blackburn*, 653 F.2d 942, 951 (5th Cir. 1981) (quoting *Bryan v. Wainwright*, 588 F.2d 1108, 1110-111 (5th Cir. 1979)). Indeed, "[a] deficient jury charge is not grounds for federal habeas relief unless the instruction was, in and of itself, violative of a constitutional right." *Bishop v. Epps*, 265 F. App'x 285, 293 (5th Cir. 2008) (quoting *Estelle v. McGuire*, 502 U.S. 62, 71-72 (1991)). Thus, to warrant federal habeas relief, "it must be established not only that the instruction [was] undesirable, erroneous, or even 'universally condemned,' but that it violated some right which was guaranteed to the defendant by the fourteenth amendment, and that 'the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process.'" *Washington v. Watkins*, 655 F.2d 1346, 1369 (5th Cir. 1981) (quoting *Cupp*, 414 U.S. at 146, 147).

Esters contends that the automobile burglary jury instruction violated his constitutional due process rights by omitting the statutory language requiring that the burglary be of an automobile "in which any goods, merchandise, equipment[,] or valuable thing shall be kept for use, sale, deposit, or transportation . . . ." Pet. [1] at 25 (citing Miss. Code. Ann. § 97-17-33(1)). The trial court gave the following jury instruction:

> The [c]ourt instructs the [j]ury that the Defendant, Antwoine D. Esters, has been charged with the crime of [b]urglary of an [a]utomobile.

> If you find from the evidence in this case beyond a reasonable doubt that[,] on or between May 29, 2016[,] and May 30, 2016, in Forrest County, Mississippi:
>
>> 1. Antwoine D. Esters did break and enter a 2012 Ford Escape, the property of Melinda ... Bowens;
>>
>> 2. Antwoine D. Esters did not have permission to enter the vehicle; and
>>
>> 3. Antwoine D. Esters intended to take, steal, and carry away the personal property therein;
>
> then you shall find the Defendant, Antwoine D. Esters[, g]uilty of [b]urglary of a [v]ehicle.
>
> If the State has failed to prove any one or more of these elements beyond a reasonable doubt, then you shall find the Defendant, Antwoine D. Esters[, n]ot [g]uilty of [b]urglary of a [v]ehicle.

R. [7-1] at 45.

On appeal, the Mississippi Court of Appeals found the claim challenging this instruction procedurally barred by the failure to contemporaneously object at trial. *Esters*, 281 So.3d at 849-850. Thus, the Mississippi Supreme Court did not review the substantive claim regarding the automobile burglary jury instruction on the merits. *See* R. [7-7] at 1-2. However, despite finding the claim procedurally barred, the Mississippi Court of Appeals nonetheless reviewed the issue for plain error. *Esters*, 281 So.3d at 849-850. The court conceded that the jury instruction given by the trial court did not contain the specific statutory language cited by Esters. *Id*. at 850. Notwithstanding, the court explained that:

> However, to convict Esters of auto burglary, the instruction required the jury to find that he unlawfully broke and entered Bowens's vehicle with the intent "to take, steal, and carry away the *personal property therein* ...." The jury was therefore properly instructed as to the

essential elements of auto burglary: "[the] unlawful breaking and entering of an automobile with the intent to steal[ ] or ... to commit any felony." *Qualls* [*v. State*], 947 So.2d [365,] 374 (¶ 29) [(Miss. Ct. App. 2007)]. Furthermore, by convicting Esters, the jury necessarily found that Bowens's vehicle contained "personal property" Esters intended to steal. We find no material difference between this finding and a finding that a vehicle contained "goods" or some "valuable thing." In fact, "[t]his Court has held that[,] where a jury can reasonably infer that a vehicle contained 'at least two seats, a steering wheel, a gear shift, acceleration and brake pedals, and other items necessary for operation of the vehicle,' that such items qualify as 'equipment, or valuable things kept for use.'" *Johnson v. State*, 94 So.3d 316, 322 (¶ 13) (Miss. Ct. App. 2011) (quoting *Riley v. State*, 11 So.3d 751, 754 (¶ 12) (Miss. Ct. App. 2008)).

¶ 20. Although perhaps technically imperfect, we find instruction S-1A nevertheless covered the substance of the essential elements of auto burglary and properly instructed the jury on the crime charged. Because there is no evidence that the instruction "resulted in a manifest miscarriage of justice" or prejudiced the outcome of Esters's trial, we decline to find plain error. *Walters* [*v. State*,] 206 So.3d [524,] 530 (¶ 16) [(Miss. 2016)]. We therefore conclude this assignment of error lacks merit.

*Esters*, 281 So.3d at 850 (emphasis in original).

Because the Mississippi Supreme Court did not, per se, review the substantive claim regarding the automobile burglary jury instruction, the Mississippi Court of Appeal's opinion is the last reasoned opinion on this issue. Thus, that opinion is the state court's "decision" for the purposes of federal habeas review. *Salts*, 676 F.3d at 479. *See Kernan v. Hinojosa*, 578 U.S. 412, 416 (2016) (Sotomayor, J., dissenting) ("When faced with a state-court order that denies a habeas petition without explanation, this Court has long presumed that the order agrees with the 'last reasoned state-court opinion' in the case unless there is 'strong evidence' to the contrary.)

Therefore, to obtain federal habeas relief on the substantive claim regarding the automobile burglary jury instruction Esters would have had to show that the Mississippi Court of Appeal's adjudication of the claim: resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *Cobb*, 682 F.3d at 372-73.

Esters has failed to make that showing. Esters has not presented any legal authority to support an assertion that the Mississippi Court of Appeal's decision was contrary to, or involved an unreasonable application of, Supreme Court precedent. *Cobb*, 682 F.3d at 372-73. Nor has Esters presented any evidence or legal authority to support an assertion that the Mississippi Court of Appeal's decision was based on an unreasonable determination of the facts in light of the trial court record. *Id.*

In a similar vein, Esters failed to provide any evidentiary or legal support to rebut the Mississippi Court of Appeal's conclusion that the automobile jury instruction did not present a clear error, result in a miscarriage of justice, or prejudice the outcome of the trial. *Esters*, 281 So.3d at 850. For that same reason, Esters has failed to demonstrate that the allegedly errant jury instruction was "so egregious as to rise to the level of a constitutional violation or so prejudicial as to render the trial itself fundamentally unfair." *Baldwin v. Blackburn*, 653 F.2d at 95. Thus, Esters has failed to demonstrate that even if the underlying substantive automobile jury instruction claim was not procedurally barred from federal habeas review or Esters

had satisfied either exception to the procedural bar, that he would have satisfied the requirements to obtain federal habeas relief.

Third, even if the undersigned disregarded Esters' failure to offer more than a mere conclusory allegation to support his claim of ineffective assistance of counsel based on the failure to challenge improper jury instructions and reviewed the claim on the merits, the result would not change. Nor would the result change if the undersigned reviewed the claim as liberally construed to assert ineffective assistance of counsel based on the failure to challenge the automobile burglary jury instruction.

The Mississippi Supreme Court adjudicated Esters' ineffective assistance of counsel claim on the merits; thus, federal habeas relief is only available if the Mississippi Supreme Court's decision "was contrary to, or involved an unreasonable application of, clearly established" Supreme Court precedent. *See Kittelson*, 426 F.3d at 318. But Esters has failed to demonstrate, or even attempt to demonstrate, that the Mississippi Supreme Court's decision contravened, or unreasonably applied, established Supreme Court precedent. *Id.* Esters has also failed to demonstrate, or even attempt to demonstrate, that his trial counsel's actions constitute "deficient performance." *Strickland*, 466 U.S. at 687. Even if he could, Esters has not shown any resulting prejudice from that allegedly deficient conduct. *Id.* at 694. Because there is at least a "reasonable argument that" Esters' trial counsel "satisfied *Strickland's* deferential standard" – given the extensive discussion above regarding the merits of the automobile jury instruction claim underlying the present ineffective assistance of counsel claim –the Mississippi Supreme Court's denial must be upheld.

*Harrington*, 562 U.S. at 105. Accordingly, federal habeas relief is not warranted on this ground.

>    **f.   *Allegedly Failing to Challenge Esters' Sentence as a Habitual Offender.***

Esters finally contends that his trial counsel was ineffective by allegedly failing to challenge his sentence as a habitual offender. Pet. [1] at 28.

The state court record undermines Esters' contention. Prior to trial, the State moved to amend the indictment to charge Esters as a habitual offender, based on his prior felony convictions, pursuant to Mississippi Code Annotated § 99-19-81.[1] *See* R. [7-1] at 15-16. In support of its request, the State attached Esters' July 28, 2003, guilty plea and sentence for grand larceny, July 28, 2003, guilty plea and sentence for burglary of a dwelling, and January 16, 2008, jury conviction and sentence for possession of a controlled substance. *Id*. at 17-28. The trial court heard arguments on the State's request to amend the indictment at a June 7, 2017, hearing. R. [7-2] at 12-18. Esters' trial counsel conceded that he had no factual or legal basis to challenge the validity of Esters' prior felony convictions; however, while noting that state law permitted such amendments, Esters' counsel objected to the timing of the request and the State's failure to originally indict Esters as a habitual offender. *Id*. at 13-14.

The trial court granted the State's request because it was timely filed under the Mississippi Rules of Criminal Procedure and because Esters' prior felony

---

[1] Mississippi Code Annotated § 99-19-81 provides that a person who has been previously convicted of two felonies shall, upon being convicted of a felony in Mississippi, be sentenced to the maximum term of imprisonment proscribed for that felony, without the possibility of parole or reduction in sentence. Miss. Code Ann. § 99-19-81.

convictions qualified him as a habitual offender. R. [7-1] at 29-30. Notably, nowhere in his filings has Esters attempted to establish that the trial court erred in determining that he qualified as a habitual offender under Mississippi Code Annotated § 99-19-81.

Given those circumstances, Esters' trial counsel cannot be deemed ineffective for failing to lodge a meritless objection or file a meritless motion challenging Esters' habitual offender status. *See Jackson*, 150 F.3d at 525-26; *Clark*, 19 F.3d at 966; *see also Gibson*, 55 F.3d at 179; *Koch*, 907 F.2d at 527.

More importantly, Esters has failed to demonstrate that the Mississippi Supreme Court's determination on this claim "was contrary to, or involved an unreasonable application of, clearly established" Supreme Court precedent. *See Kittelson*, 426 F.3d at 318. Esters has failed to establish that his trial counsel's actions constitute "deficient performance." *Strickland*, 466 U.S. at 687. Even if he could, Esters has not shown any resulting prejudice from that allegedly deficient conduct. *Id.* at 694. Because, based on the discussion above, there is at least a "reasonable argument that" Esters' trial counsel "satisfied *Strickland's* deferential standard," the Mississippi Supreme Court's denial must be upheld. *Harrington*, 562 U.S. at 105. Accordingly, federal habeas relief is not warranted on this ground and the undersigned recommends its dismissal.

**D.    Ground Four: Overwhelming Weight of Evidence Insufficient to Support Verdict.**

Esters asserts that he is entitled to federal habeas relief because the overwhelming weight of the evidence was insufficient to support the verdict; thus,

denying his due process rights and violating the Fourteenth Amendment to the United States Constitution and Mississippi Constitution. Pet. [1] at 10, 29-31.

Esters attempt to challenge the weight of the evidence, as he did on direct appeal, fails to state a cognizable claim for habeas review. Unlike a sufficiency-of-the-evidence claim – which the Court addressed *supra* at pp. 9-13 – a weight-of-the-evidence claim requires an assessment of the credibility of the evidence presented at trial. *Tibbs v. Fla.*, 457 U.S. 31, 37-38 (1982). "The credibility of the witnesses and the weight of the evidence is the exclusive province of the jury." *Hebert v. Rogers*, 890 F.3d 213, 225 (5th Cir. 2018) (citation omitted). It is purely a matter of state law and is not cognizable on habeas review. *Naylor v. Hall*, Civ. No. 2:19-cv-37, 2022 WL 956276, at *3 (S.D. Miss. Jan. 21, 2022) (citing *Young v. Kemp*, 760 F.2d 1097, 1105 (11th Cir. 1985) ("[a] federal habeas court has no power to grant habeas corpus relief because it finds that the state conviction is against the 'weight' of the evidence . . . "), *report and recommendation adopted*, 2022 WL 949848 (S.D. Miss. Mar. 29, 2022).

To the extent Esters argues that circumstantial evidence alone cannot support a conviction, the argument is unavailing. In the context of a sufficiency-of-the-evidence claim under *Jackson*, the "court looks to both direct and circumstantial evidence in resolving the question of sufficiency of the evidence underlying the conviction." *See, e.g., Taylor v. Scott*, 48 F.3d 529 (5th Cir. 1995) ("[A] sufficiency-of-the-evidence claim may be resolved based on circumstantial evidence."); *Williams v. Scott*, 39 F.3d 320 (5th Cir. 1994) ("[T]he evidence may be sufficient even though entirely circumstantial."); *Schrader v. Whitley*, 904 F.2d 282, 287 (5th Cir. 1990); *Pate*

*v. Wainwright*, 607 F.2d 669, 670 (5th Cir. 1979). Further, "it is not necessary that the evidence exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt. A jury is free to choose among reasonable constructions of the evidence." *United States v. Layne*, 43 F.3d 127, 130 (5th Cir. 1995) (internal marks omitted). The evidence in this case, though circumstantial, was sufficient to support the jury's verdict, *see supra* pp. 9-13, and Esters has presented nothing to overcome the deference afforded the state court's decision. *Knight v. Banks*, Civ. No. 20-60226, 2021 WL 4301264, at *2 (5th Cir. May 19, 2021) ("Moreover, when a state prisoner presents an insufficiency-of-the-evidence claim in federal habeas, the court must apply this standard of review through the doubly deferential lens of the relitigation bar found in 28 U.S.C. § 2254(d)(1)."). Accordingly, federal habeas relief is not warranted on this ground and the undersigned recommends its dismissal.

**E.     Grounds Five and Six: Judicial and Prosecutorial Misconduct.**

In grounds five and six, Esters asserts that he is entitled to federal habeas relief because his conviction and sentence are derived from judicial and prosecutorial misconduct. Pet. [1] at 31-34. Respondent asserts that Esters claims are procedurally barred from federal habeas review because Esters failed to raise those claims on direct review. Answer [6] at 8-13. Respondent directs the Court's attention to Mississippi Code Annotated § 99-39-21(1), which he contends operates as an independent and adequate state law procedural bar to preclude federal review. *Id*.

Respondent is correct insofar as Esters did not raise his judicial and prosecutorial misconduct claims on direct appeal. *See Cf.* R. [7-5] at 5 (raising two issues (1) "[t]he evidence is insufficient to sustain the conviction for automobile burglary," (2) "[t]he jury was not fully instructed on the essential elements of auto burglary."). But Esters did raise both claims in his Application for Leave to File a PCR Motion filed with the Mississippi Supreme Court. R. [7-7] at 11-12.

    i.  <u>Procedural Bar</u>

Mississippi Code Annotated § 99-39-21 imposes two distinct procedural bars. Subsection (1) provides that the:

> [f]ailure by a prisoner to raise objections, defenses, claims, questions, issues or errors either in fact or law which were capable of determination at trial and/or on direct appeal, regardless of whether such are based on the laws and the Constitution of the state of Mississippi or of the United States, shall constitute a waiver thereof and shall be procedurally barred, but the court may upon a showing of cause and actual prejudice grant relief from the waiver.

Miss. Code Ann. § 99-39-21(1).

A review of the record demonstrates that Esters did not raise his judicial and prosecutorial misconduct claims at trial. *See generally* R. [7-2] at 19-152. Nor did Esters raise the claims on direct appeal. *See Cf.* R. [7-5] at 5 (raising two issues (1) "[t]he evidence is insufficient to sustain the conviction for automobile burglary," (2) "[t]he jury was not fully instructed on the essential elements of auto burglary."). Because Esters failed to raise the claims at the trial court and/or on direct appeal to the Mississippi Court of Appeals, and the claims were capable of being raised, the

claims would ordinarily be barred from consideration by the Mississippi Supreme Court on post-conviction relief under Mississippi Code Annotated § 99-39-21(1).

Thus, the question becomes whether Mississippi Code Annotated § 99-39-21(1) provides an independent and adequate ground for the dismissal. *Nobles*, 127 F.3d at 420. The Fifth Circuit has long held that Mississippi Code Annotated § 99-39-21(1) is an independent state procedural bar. *Stokes v. Anderson*, 123 F.3d 858, 860 (5th Cir. 1997). The adequacy of the bar, however, depends on "whether Mississippi has strictly or regularly applied it." *Id.* (citation omitted).

On that point, Esters bears "the burden of showing that the state did not strictly or regularly follow [Mississippi Code Annotated § 99-39-21(1)] around the time of his appeal" and "that the state has failed to apply [Mississippi Code Annotated § 99-39-21(1)] to claims identical or similar to those raised by [Esters]." *Stokes*, 123 F.3d at 860. Esters has failed to carry that burden. Esters has not demonstrated that Mississippi failed to strictly or regularly apply Mississippi Code Annotated § 99-39-21(1) around the time he filed his appeal. Nor has Esters attempted to demonstrate that Mississippi did not apply Mississippi Code Annotated § 99-39-21(1) to claims similar to his. Thus, Esters has failed to demonstrate that Mississippi Code Annotated § 99-39-21(1) is not an adequate ground for dismissal. Because Esters has failed to carry his burden, Mississippi Code Annotated § 99-39-21(1) would normally operate as an adequate ground for the dismissal.

Subsection (2) of Mississippi Code Annotated § 99-39-21 imposes a second distinct procedural bar. Subsection (2) procedurally bars the Mississippi Supreme

Court from reviewing an argument in a petition for post-conviction relief that was disposed of on direct appeal. Miss. Code Ann. § 99-39-21(2). Because Esters did not raise his judicial and prosecutorial misconduct claims on direct appeal, and therefore, the Mississippi Courts of Appeals did not address the claims, Subsection (2) is inapplicable. *See Cf.* R. [7-5] at 5.

Because Mississippi Code Annotated § 99-39-21(1) operates as an independent and adequate state law ground for dismissal, Esters' judicial and prosecutorial misconduct claims would ordinarily be barred from federal habeas review, *Guidry*, 2 F.4th at 486, unless Esters could demonstrate the applicability of either exception to the procedural bar on federal habeas review. To be certain, Esters fails to demonstrate, or even attempt to demonstrate, the applicability of either exception. *Hughes*, 530 F.3d at 341; *Martin*, 98 F.3d at 849. Esters has not asserted that an external force prevented him from raising his judicial and prosecutorial misconduct claims in state court. Esters has failed to demonstrate that the trial's outcome would have been different if he has raised his claims. Nor has Esters brought forth any new, reliable evidence to establish that he is innocent of the crime for which he was convicted. Even if he had made such a showing, Esters has failed to demonstrate that no reasonable juror would have convicted him in light of that new evidence. Thus, Esters has failed to demonstrate the existence of an exception to overcome the procedural bar on federal habeas review.

But that is not the end of this Court's inquiry. Contrary to Respondent's assertion, the Mississippi Supreme Court did not rely on Subsection (1) Mississippi

Code Annotated § 99-39-21 in rejecting Esters' judicial and prosecutorial misconduct claims; instead, the court relied on Subsection (3). R. [7-7] at 1. Specifically, the Mississippi Supreme Court held, citing to Mississippi Code Annotated § 99-39-21(3), that Esters' remaining claims in his Application for Leave to File a PCR Motion – which included his judicial and prosecutorial misconduct claims – where "barred by the doctrine of res judicata as they were either raised or should have been raised on direct appeal." R. [7-7] at 1.

Given that Esters did not raise the claims on direct appeal, it is unclear whether the Mississippi Supreme Court's reliance on Subsection (3), as opposed to Subsection (1), was intentional or inadvertent. Notwithstanding, because the Mississippi Supreme Court did rely on Subsection (3), which does not bar federal habeas review, *Jordan v. Mississippi*, 654 F. App'x. 196, 197 (5th Cir. 2016) (per curiam) (citing *Cone v. Bell*, 556 U.S. 449, 466 (2009)), the Court will address the claims on the merits.

 ii. <u>Merits</u>

Under his fifth and sixth claims, Esters asserts that he is entitled to federal habeas relief because his conviction and sentence are derived from judicial and prosecutorial misconduct. Pet. [1] at 31-34. The Court addresses each in turn.

Esters argues that the trial judge acted improperly by allegedly making numerous prejudicial findings of fact and conclusions of law, allowing Esters to be tried by an improper jury, allowing the victim to make an in-court identification, and allowing the prosecution to use hearsay testimony and to 'alter' the automobile

burglary statute. *Id*. at 31-32. Esters has once again not provided evidentiary or factual support for his various allegations that the trial judge acted improperly. And such conclusory allegations alone are insufficient for federal habeas relief. *See Murphy*, 416 F.3d at 436-37 (allegation of constitutional violation is insufficient for habeas relief) (citing *Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir.1983) (reemphasizing that "mere conclusory allegations do not raise a constitutional issue in a habeas proceeding")). Moreover, the undersigned has already determined that Esters' claims regarding the in-court identification and the automobile burglary jury instruction – which is the foundation of Esters' current argument – lack merit. *See supra* pp. 26-29.

The only allegation that contains a modicum of explanation is Esters' allegation that the trial judge acted improperly by allowing him to be tried by an improper jury. Esters essentially suggests that the jury was improper because the petite jury did not have jurors that shared the similar age and racial characteristics to Esters. But the state court record reflects that no objections were made at trial to the venire jury panel. See R. [7-2] at 19-50, 64-73. Nor were any *Batson* issues raised by Esters regarding any challenge by the prosecution to a potential juror. R. [7-2] at 51-64 (citing *Batson v. Kentucky*, 476 U.S. 79, 89 (1986) (holding that the Equal Protection Clause forbids a prosecutor to challenge potential jurors solely on account of their race). Notwithstanding, "a defendant has no right to a 'petit jury composed in whole or in part of persons of his own race.'" *Id*. at 106 (quoting *Strauder v. West Virginia*, 100 U.S. 303, 305 (1880)).

Next, Esters argues that the prosecutor acted improperly by allegedly using improper leading questions, engaging in improper questioning of a witness on re-direct, and making prejudicial statements during closing arguments. Pet. [1] at 32-34. Esters has not pointed to anywhere in the trial record, nor provided any other factual or evidentiary support, for this assertion. Esters has not identified which witness the prosecution allegedly improperly questioned on re-direct, nor provided any other factual or evidentiary support for this assertion. Nor has Ester pointed to any specific statements made by the prosecution during closing arguments that demonstrate prejudice. But such conclusory allegations alone are insufficient for federal habeas relief. *See Murphy*, 416 F.3d at 436-37 (citing *Ross*, 694 F.2d at 1012). Accordingly, federal habeas relief is not warranted on these grounds and the undersigned recommends their dismissal.

## F.     Ground Seven: Illegal Sentence.

Esters asserts that he is entitled to federal habeas relief because his sentence as a habitual offender was illegally imposed. Pet. [1] at  31-34. Specifically, Esters takes issue with the State's amending of the indictment to charge him as a habitual offender and with the alleged lack of a bifurcated trial to determine his habitual offender status. *Id*. Because the Mississippi Supreme Court adjudicated Esters' illegal sentence claim on the merits, federal habeas relief is only available if the Mississippi Supreme Court's decision was contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent or based on unreasonable determination of the facts in light of the evidence. *Cobb*, 682 F.3d at 372-73

The Court begins with Esters' argument that his sentence was illegally imposed based on the State's amending of the indictment to charge Esters as a habitual offender. In the Fifth Circuit, "the sufficiency of a state indictment is not a matter for federal habeas corpus relief unless it can be shown that the indictment is so defective that the convicting court had no jurisdiction." *Alexander v. McCotter*, 775 F.2d 595, 598 (5th Cir.1985) (quotation omitted). "[A] claim of insufficiency of a state indictment is valid for federal habeas purposes only when the indictment is so defective that under no circumstances could a valid state conviction result from facts provable thereunder, and that this can be determined only by looking to the law of the state where the indictment was issued . . . ." *Id.* (citation and quotation omitted). However, "a federal habeas court will not consider such claims when it appears that the sufficiency of the indictment was squarely presented to the highest court of the state on appeal, and that court held that the trial court had jurisdiction over the case." *Id.* (quotation omitted). In *Alexander*, the Fifth Circuit held that, by refusing to grant a petitioner relief on the merits, a state appellate court "has necessarily, though not expressly, held that the [state] courts have jurisdiction and that the indictment is sufficient for that purpose." *Id.* Habeas review was therefore precluded. *Id.*

Esters presented his illegal sentence claim regarding the sufficiency of the indictment to the Mississippi Supreme Court in his PCR Motion accompanying his Application for post-conviction relief, R. [7-7] at 12, and the court found the claim had no merit, *id.* at 1. Petitioner specifically argued before the Mississippi Supreme Court that the Circuit Court illegally imposed a sentence under Mississippi Code § 99-19-

81 because no indictment had been returned as to that statute. R. [7-7] at 27-32. This is the same argument Esters has raised in this Court. By ruling on Esters' Application on its merits, the Mississippi Supreme Court necessarily, though not expressly, held that Mississippi courts had jurisdiction and that the indictment was sufficient. *See Alexander*, 775 F.2d at 598. As such, binding Fifth Circuit precedent precludes this Court from reviewing this claim. *See id.*; *see also, e.g., Evans v. Cain*, 577 F.3d 620, 624-25 (5th Cir.2009); *McKay v. Collins*, 12 F.3d 66, 68 (5th Cir.1994).

Esters next argues that his sentence was illegally imposed based on the alleged lack of a bifurcated trial to determine his habitual offender status. Pet. [1] at 31-34. This assertion lacks merit. First, the state court record contains a transcript of the bifurcated sentencing hearing that occurred following Esters' conviction. *See* R. [7-2] at 149-153. Second, Esters' argument is essentially asking this Court to review the state court's application and interpretation of state law. Such an inquiry is impermissible under federal habeas review. Mississippi law requires a bifurcated trial regarding habitual offender status. *See Seely v. State of Mississippi*, 451 So.2d 213, 214 (Miss. 1984). But bifurcated trials generally are not recognized as a federal constitutional right. *Robinson v. Shaw*, Civ. No. 1:15-cv-83, 2017 WL 1078650, at *5 (S.D. Miss. Jan. 27, 2017) (citing *United States v. Huff*, 409 F.2d 1225, 1228 (5th Cir. 1969), *report and recommendation adopted,* 2017 WL 1051191 (S.D. Miss Mar. 20, 2017).

Notwithstanding, Esters has failed to demonstrate that the Mississippi Supreme Court's decision on his illegal sentence claim "was contrary to, or involved

an unreasonable application of, clearly established" Supreme Court precedent. *See Kittelson*, 426 F.3d at 318. In fact, it is worth noting that Esters' counsel conceded during the bifurcated sentencing hearing that he had verified Esters' previous convictions which qualified him as a habitual offender. R. [7-2] at 150-51. And Esters has not made any substantive attempt to show those convictions are invalid. Accordingly, federal habeas relief is not warranted on this ground and the undersigned recommends its dismissal.

## G. Ground Eight: Hodgepodge of Federal Habeas Claims.

Finally, Esters asserts that he is entitled to federal habeas relief because he is convicted and in custody of the MDOC in violations of the United states Constitution, laws, and treaties by false imprisonment through malicious and vindictive prosecutorial misconduct where insufficient evidence denied due process and equal protection of law, breach of duty to recognize perjury, and misidentification, and fraud upon the court. Pet [1] at 17. As Respondent correctly points out, this claim for relief is essentially a hodgepodge of Esters' other claims for relief. Answer [6] at 6, n. 5. Because the Court has already addressed Esters' claims regarding the sufficiency of the evidence, prosecutorial misconduct, and witness identification, it respectfully declines to re-address them. The only other argument raised that were not previously addressed are those regarding perjury and fraud. But Esters has not pointed to anywhere in the state court record to support these assertions. Nor has Ester provided any other factual or evidentiary support for these assertions. As the Court has repeatedly pointed out, such conclusory allegations alone are insufficient for

federal habeas relief. *See Murphy*, 416 F.3d at 436-37 (allegation of constitutional violation is insufficient for habeas relief) (citing *Ross*, 694 F.2d at 1012). Accordingly, federal habeas relief is not warranted on this ground and the undersigned recommends its dismissal.

## H.   Petitioner's Request for an Evidentiary Hearing.

Esters also asks the Court to conduct an evidentiary hearing.  Pet. [1] at 15. Rule 8(a) of the Rules Governing Section 2254 Proceedings provides that if a petition is not dismissed, "the judge must review the answer, any transcripts and records of state-court proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted." Rule 8(a) of Rules Governing Section 2254 Proceedings. Pursuant to 28 U.S.C. § 2254(e)(2),

> [i]f the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that—
>
> (A) the claim relies on--
>> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2). "Section 2254(e)(2) imposes a limitation on the discretion of federal habeas courts to take new evidence in an evidentiary hearing." *Cullen v. Pinholster*, 563 U.S. 170, 185 (2011).

Esters has not shown that the Court has discretion to grant an evidentiary hearing. Esters has not argued or shown that his claims rely on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. Nor has he shown the existence of a factual predicate that could not have been previously discovered through the exercise of due diligence. *See* 28 U.S.C. § 2254(e)(2). Finally, Esters has not shown that the facts underlying his claims would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found him guilty of the underlying offense. *See id*. Therefore, the undersigned recommends that Esters' request for an evidentiary hearing be denied.

## III. RECOMMENDATION

For the reasons stated above, the undersigned United States Magistrate Judge recommends dismissing Petitioner Antwoine D. Esters' [1] Petition for Writ of Habeas Corpus with prejudice and denying Petitioner's request for an evidentiary hearing.

## IV. NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U. Civ. R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED,** this the 5th day of April 2023.

s/ *Bradley W. Rath*

BRADLEY W. RATH
UNITED STATES MAGISTRATE JUDGE